Alex Kerr
CA SBN 264821
Alex Kerr Law LLC
PO Box 3097
Jackson, WY 83001
(307) 699 9057
alex@alexkerrlaw.com

*Attorney for Plaintiff Camille Obering Fine Art LLC*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMILLE OBERING FINE ART LLC, | Case No.: 24-cv-9808 |
| Plaintiff, | |
| vs. | COMPLAINT |
| MILLIE BROWN, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Camille Obering Fine Art LLC ("COFA") for its complaint against Millie Brown alleges:

### STATEMENT OF ACTION

1.  This is an action for copyright infringement, violation of the Digital Millennium Copyright Act, and defamation brought by COFA, the owner of copyrights to the photographs and video described hereafter against Millie Brown.

### PARTIES

2.  Camille Obering Fine Art, LLC is a fine art dealership, curatorial service, and art advisory firm located in Wilson, Wyoming. COFA conducts business throughout the United States.

3.  Millie Brown is a performance artist who resides in Los Angeles, California. Ms. Brown performs work and distributes content in the Central District of California, throughout the United States, and abroad.

**JURISDICTION**

4.      This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States, violations of the Digital Millennium Copyright Act ("DMCA"), and defamation under California law. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question), 1338 (copyright), and 1367 (supplemental jurisdiction).

5.      This Court has personal jurisdiction over Ms. Brown because Ms. Brown conducts business and/or resides within this judicial district; acts or omissions giving rise to this complaint of occurred in this judicial district; and Ms. Brown caused injury to Plaintiff within this judicial district.

**VENUE**

6.      Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. § 1400(a). Venue is proper in this Court because (i) Ms. Brown resides in this District and/or conducts business herein; (ii) Ms. Brown maintains records relevant to COFA's claims herein, and (iii) a substantial part of the events and omissions giving rise to COFA's claims occurred in this District.

**FACTS**

7.      In addition to its business as a fine art dealership, curatorial service, and art advisory firm, Camille Obering Fine Art, LLC frequently creates and presents unique art shows by hosting and collaborating with artists to create and exhibit artwork.

8.      In the summer of 2019, COFA and Ms. Brown engaged in an innovative art project called Photosymphony: A Live Plant Orchestra ("Photosymphony") at COFA's property, Guesthouse in Jackson Hole, Wyoming.

9.      Photosymphony originated as a cutting-edge, multi-day interactive exhibit exploring the idea of transforming plant frequencies into sound.

10.     To technical and artistic success, the world premiere of Photosymphony captured frequencies emitted by native plants which were then translated into sounds of classical string instruments, as well as other abstract sounds. The exhibit earned national press.

**Copyright Infringement**

11.      While executing and presenting the exhibit was collaborative in nature between COFA and Ms. Brown, artistically capturing the exhibit – through photographs and video which are the subject of this action – was not.

12.      COFA created video, audio, photographic documentation, and edited compilations of Photosymphony which were made by COFA itself or by a hired production team under COFA's payment and direction.

13.      COFA exclusively owns the copyrights in the photograph and video identified below ("Materials"), which have been registered with the United States Copyright Office.

| | |
|---|---|
| Copyright Registration<br><br>No: VAu001400725<br><br>Date: 07/21/2020<br><br>Title: Photosymphony-87 |  |
| Copyright Registration<br><br>No: PAu004027895<br><br>Date: 05/22/2020<br><br>Title: Photosymphony: A Live Plant Orchestra - Film |  |

14.    Ms. Brown has not and cannot assert any copyright ownership in the Materials.

15.    Despite this, Ms. Brown copied, displayed, published, and distributed the Materials without COFA's authorization, including by copying, displaying, and publishing the Materials on her social media.

16.    Screenshots of Ms. Brown's unauthorized uses of the Materials on her Instagram account on or around March 7, 2024, are depicted below:



24.    A screenshot of Ms. Brown's unauthorized use of the Materials on her Instagram on or around October 26, 2023, which continues to be displayed on her account, is depicted below:



25.     On information and belief, Ms. Brown's Instagram account, which has over 70,000 followers, is used as a commercial account to promote her artistic endeavors and professional persona.

26.     On information and belief, Ms. Brown copied, displayed, and published the Materials in various other formats.

**<u>Ms. Brown's copyright infringements were willful</u>**

27.     Originally, COFA and Ms. Brown intended to continue working together on projects related to Photosymphony, traveling the exhibit to numerous locations throughout the country.

28.     However, after Photosymphony concluded, COFA and Ms. Brown were unable to reach a mutual agreement on how to recover COFA's investment in the project and continue to promote and exploit future work.

29.     During negotiations, COFA repeatedly and expressly advised through counsel to Ms. Brown's counsel that COFA exclusively owns all copyrights in the Materials and that any use of the Materials by Ms. Brown would be copyright infringement.

30.     Throughout extended negotiations, Ms. Brown and her attorney did not, and could not, assert copyright ownership in the Materials.

31.     Ms. Brown knew that COFA owned the Materials and that she had no credible claim of ownership in them.

32.     Despite this, on information and belief, Ms. Brown obtained copies of some of the Materials without COFA's permission by taking screen captures of the Materials from COFA's or a permitted affiliate's website.

33.     website.

34.     Ms. Brown's unauthorized copying, display, and publication of the Materials were made in knowing, reckless, and/or willful disregard of COFA's copyrights.

35.     After discovering infringement of the Materials, COFA sent a cease-and-desist letter to Ms. Brown on or around March 18, 2014.

36.     Ms. Brown continues to infringe COFA's copyrights by reproducing, displaying and publishing the Materials.

### Violations of the Digital Millennium Copyright Act

37.     Without COFA's authorization, as part of her unauthorized use of the at-issue video ("Video"), Ms. Brown reproduced the Video on her Instagram account.

38.     On information and belief, Ms. Brown made an unauthorized copy of the Video by recording it on her own device directly off COFA's or a permitted affiliate's website.

39.     The Video contains COFA's copyright management information.

40.     The selection of the Video which Ms. Brown reproduced and displayed on her Instagram account omitted COFA's copyright management information.

41.     In removing COFA's copyright management information, Ms. Brown knew or had reasonable grounds to know that such actions would induce, enable, facilitate or conceal copyright infringement.

## Defamation

42.     Not only did Ms. Brown infringe COFA's copyrights, but Ms. Brown went further and published knowingly false and defamatory statements about COFA.

43.     With malicious intent to damage COFA's professional reputation., Ms. Brown stated that it was COFA who stole intellectual property and acted dishonestly.

44.     Specifically, on or around March 7, 2024, Ms. Brown wrote the following on her Instagram account with over 70,000 followers:

> "Photosymphony was my dream project that I conceived in 2015 and took years to materialize through blood sweat and tears and finally launched with great success in Jacksonhole Wyoming in 2018 with the aim to tour each major city in the US and forge a connection between humans and nature. Sadly the curator and her husband stole my intellectual property along with my physical works within my plant orchestra."

45.     Ms. Brown made other false and defamatory statements about COFA previously.

46.     For example, in response to an article by the blog Cool Hunting in 2020 about Photosymphony, Ms. Brown indicated that COFA infringed Ms. Brown's intellectual property and wrote that Camille Obering, owner of COFA, "was not authorized to release my work - nor was this a collaboration between 3 artists (Camille Obering is a 'curator')…"

47.     On more than one occasion, Ms. Brown has expressly or impliedly made false statements accusing COFA of committing infringement.

48.     On information and belief, Ms. Brown made and continues to make other defamatory statements which are known to her and not COFA.

49.     None of the above-referenced statements by Ms. Brown against COFA are true.

50.     Ms. Brown had no reasonable basis to believe these statements, and in fact knew the statements to be false.

51.     Ms. Brown published these statements knowing them to be false and unsubstantiated after considerable exchange between her counsel and COFA's counsel on the issue of copyright ownership.

52.     These provably false statements, made with the intent to harm COFA, have in fact damaged COFA's reputation, at large and within more rarefied, reputation-sensitive circles of high art.

## COUNT I
## COPYRIGHT INFRINGEMENT

53.     COFA incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

54.     The foregoing acts by Ms. Brown constitute willful infringements of COFA's copyrights in the photograph titled Photosymphony-87 in violation of 17 U.S.C. §§ 501 et seq.

55.     COFA suffered damages as a result of Ms. Brown's unauthorized use of Photosymphony-87.

## COUNT II
## COPYRIGHT INFRINGEMENT

56.     COFA incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

57.     The foregoing acts by Ms. Brown constitute willful infringements of COFA's copyrights in the video titled Photosymphony: A Live Plant Orchestra in violation of 17 U.S.C. §§ 501 et seq.

58.     COFA suffered damages as a result of Ms. Brown's unauthorized use of the Photosymphony: A Live Plant Orchestra.

## COUNT III
## VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT ("DMCA")

59.     COFA incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

60.     The foregoing acts of Ms. Brown, including her unauthorized, intentional removal COFA's copyright management information pertaining to the Video, constitute a violation of the DMCA 17 U.S.C. §§ 1202 et seq.

61.     COFA suffered damages as a result of Ms. Brown's unauthorized removal of copyright management information from, and subsequent distribution of, the Video.

## COUNT IV
## DEFAMATION PER SE

62.     COFA incorporates herein by this reference each and every allegation contained in the paragraphs set forth above.

63.     Ms. Brown made statements in violation of California Civil Code §§ 45, 45a.

64.     COFA is informed and believes that on or around March 7, 2024, Ms. Brown wrote and published on her social media the defamatory statement that COFA committed copyright infringement, stole real and intellectual property, and was dishonest in its dealings.

65.     COFA reasonably understood the statement referred to COFA and reasonably understood the statement to mean that COFA infringed property and was dishonest.

66.     The aforesaid defamatory statement made by Ms. Brown was and is false and was not privileged. Ms. Brown made the statement knowing the falsity thereof or without using reasonable care to determine the truth or falsity thereof.

67.     Ms. Brown made the aforesaid statement with malice and with the intent to injure COFA's good name and reputation and to interfere with COFA's business dealings.

68.     The aforesaid defamatory statement has harmed COFA's reputation. Such a statement has a tendency to injure and has injured COFA's reputation and caused COFA to incur substantial expense in order to redress the harm it has suffered.

WHEREFORE, COFA requests the following:

1.     A permanent injunction against Ms. Brown and anyone working in concert with her from copying, displaying, distributing, selling or offering to sell the Materials or any work owned by COFA.

2.     As permitted under 17 U.S.C. § 503, impoundment of all copies of COFA's Materials or work used in violation of COFA's exclusive copyrights and, at final judgment, destruction or other reasonable disposition of the unlawfully used work owned by COFA which could be used again by Ms. Brown without COFA's authorization.

3.     An award of COFA's actual damages and all profits derived from the unauthorized use of the Materials, or where applicable and at COFA's election, statutory damages in an amount up to $150,000 for each infringement and attorneys' fees, as permitted under 17 U.S.C. § 504.

4.      An award of actual damages and profits attributable to each violation of the DMCA, or at COFA's election, statutory damages and attorneys' fees, as permitted under 17 U.S.C. § 1203.

5.      An injunction permanently restraining Ms. Brown from engaging in defamatory conduct.

6.      An award for (i) economic damages; (ii) general and compensatory damages; and (iii) exemplary and punitive damages, to be proven at trial.

7.      An award of COFA's court costs, expert witness fees, interest and all other amounts authorized under law.

8.      Such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

COFA demands a trial by jury of all issues permitted by law.

DATED: November 13, 2024

Plaintiff Camille Obering Fine Art LLC

*/s/  Alex Kerr*
Alex Kerr
Alex Kerr Law LLC
PO Box 3097
Jackson, WY 83001
(307) 699 9057
alex@alexkerrlaw.com